UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MMT RECOVERY LLC, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: 01-10062-MLW |
| WILLIAM M. HANEY, III, *et al.*, ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Development Specialists, Inc. ("DSI") hereby responds to the numbered paragraphs of the Complaint as follows. In doing so, DSI specifically does not waive any arguments it has made in any pending motions or other filings before this Court, nor waives its right to have any such motions or filings heard and decided by this Court. Most particularly, DSI reserves its rights to, and requests, a hearing and decision regarding its Motion To Dismiss filed on or about January 31, 2001.

1. Denied as stated. DSI admits that, on or about December 3, 1997, Molten Metal filed a voluntary petition for relief in the bankruptcy court, and that the company had a corporate office in Waltham, Massachusetts. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

2. Denied as stated. DSI admits that Molten Metal was generally in the business of hazardous waste treatment technology. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

3. DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

4. Denied as stated. DSI admits that Debtors received approximately $20 million in loans from various entities associated with the Plaintiffs. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

5. The allegations of this paragraph do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

6. DSI denies the allegations in the last sentence of this paragraph, except it admits that it reviewed and/or compiled certain financial projections that were based upon information provided by others. The remaining allegations of this paragraph do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

7. The allegations of this paragraph do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

8. Denied as stated. DSI admits that the court appointed a trustee in the bankruptcy matters on or about August 24, 1998. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

9. DSI denies that it, as a defendant, made any false and misleading statements or engaged in any tortious conduct. The remaining allegations of this paragraph do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks

knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

10-11.   DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

12.   DSI denies that any entity associated with the Plaintiffs "purchased notes" as opposed to advancing loans to Molten Metal. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

13.   Denied as stated. DSI admits that certain entities entered into a Post-Petition Financing Agreement and that the terms of that document speak for themselves. DSI denies that such entities purchased debt securities. DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

14-16.   DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

17-29.   The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

30.   Denied as stated. DSI admits that it has a place of business at 2 Oliver Street, Boston, Massachusetts. DSI denies the characterizations of its work contained in the final two sentences of this paragraph, and admits that it performed certain bankruptcy, financial and accounting tasks, including relating to business plans, certain financial projections, and bankruptcy schedules. Any additional allegations in this paragraph are denied.

31-32.   DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

33-47. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny allegations of these paragraphs, and thus denies same.

48. DSI denies the allegation that as a defendant it knew any "true facts" about technology as stated in the Complaint. The remaining allegations of this paragraph do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and thus denies same.

49-62. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny allegations of these paragraphs, and thus denies same.

## COUNT I
(Violation Of G.L. c. 110A, § 410)

63. DSI reasserts and reincorporates its answers to the allegations contained in paragraphs 1-62 of the Complaint.

64. Denied.

65. Denied.

66. DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

67. Denied.

68. DSI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and thus denies same.

69. Denied.

## COUNT II
### (Common-Law Fraud)

70-77. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT III
### (Negligent Misrepresentation)

78–84. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT IV
### (Violation of G.L. c. 93A)

85–91. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT V
### (Fraudulent Transfers)

92–101. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT VI
(Fraudulent Transfers)

102–111. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT VII
(Fraudulent Transfers)

112–121. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## COUNT VIII
(Negligence And Negligent Misrepresentation)

122–129. The allegations of these paragraphs do not refer or relate to DSI, which thus makes no answer. To the extent an answer is required, DSI lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs, and thus denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrine of estoppel.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrine of waiver.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint by the doctrine of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint because any damages suffered are the result of the Plaintiffs' own conduct, or that of their agents or representatives.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint as such claims were filed without any substantive basis.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint by their own contributory negligence, or that of their agents and representatives.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint by the doctrine of ratification or consent.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint because any damages suffered are the proximate result of the conduct of an entity or person other than DSI and not within the control of DSI.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims contained in the Complaint because any damages suffered are the proximate result of an intervening cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing the claims set forth in the Complaint by its assumption of the risk of the transactions described.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, in whole or in part, from bringing any and all claims contained in the Complaint, sounding in whole or in part in equity, due to the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

DSI reserves its right to amend its answer to add such other and further defenses and/or counterclaims as become apparent during the course of discovery in this action

WHEREFORE, the Defendant DSI respectfully requests that the Court:

1. Grant judgment on behalf of DSI on all claims asserted by the Plaintiffs, together with attorneys' fees and costs; and,

2. Grant the Defendant DSI such other and further relief as it considers just and proper.

DEVELOPMENT SPECIALISTS, INC.

By its attorneys,

_____
Richard J. Yurko (BBO # 538300)
Kevin S. Murphy (BBO# 638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Date:  November 14, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other part by mail, postage-paid, this 14th day of November, 2002.

Randall W. Bodner, Esq.
Ropes & Gray
One International Place
Boston, MA 02110-2624

Mr. David Hoey
102 Concord Road
Wayland, MA 01778

Daniel W. Halston, Esq.
Hale and Dorr LLP
60 State Street
Boston, MA 02109

William Macauley, Esq.
Craig and Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Ave.
Boston, MA 02210-2211

Warren Hutchinson, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110

Michael Tuteur, Esq.
Epstein, Becker & Green P.C.
75 State Street
Boston, MA 02109

John A.D. Gilmore, Esq.
Hill & Barlow, P.C.
One International Place
Boston, MA 02110

Lawrence M. Kraus, Esq.
Epstein Becker & Green, PC
111 Huntington Ave.
Boston, MA 02199

Ethan E. Jacks
86 Concord Rd.
Weston, MA 02193

John F. Sylvia
Mintz, Levin, Cohn, Ferris,
Glovosky and Popeo, PC
One Financial Center
Boston, MA 02111

Justin Shay
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Kevin S. Murphy